# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

**MOHAMED ABDENNOUR,**

    **Plaintiff,**

**v.**                                                                     **Case No: 5:13-cv-312-Oc-ACCPRL**

**SUMMER BAY SALES &**
**MARKETING, L.C.,**

    **Defendants.**

## REPORT AND RECOMMENDATION[1]

This matter is before the Court on the parties' Joint Motion for Approval of Settlement and Dismissal with Prejudice. (Doc. 18). The District Judge referred this Motion to the undersigned to determine whether the settlement between Plaintiff and Defendant is a "fair and reasonable resolution of a bona fide dispute" over Fair Labor Standards Act ("FLSA") issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). (Doc. 19).

If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the

---

[1] **Error! Main Document Only.**Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

settlement for fairness." *Id*. at 1353 (*citing Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id*. at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.
> *Id*.

As set forth in the motion and Settlement Agreement (Doc. 21-1), the settlement provides that Defendant will pay Plaintiff $9,182.13 (representing the full amount of unpaid overtime allegedly due him), plus liquidated damages of $9,182.13.  Defendant will also pay Plaintiff's counsel $5,091.00 in attorney's fees and costs.  The parties represent that Plaintiff is receiving full compensation for his claims under the FLSA; and thus, his claims have not been compromised.  In exchange for these payments, Plaintiff agrees to release Defendant from all claims alleged in the Complaint in this action.  Under these circumstances, the undersigned finds the settlement to be reasonable.  Indeed, Plaintiff is receiving the full amount to which he claims he is entitled.

As for the amount of attorney's fees and costs, in FLSA suits for unpaid minimum wages or unpaid overtime wages, "[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).  This provision has been interpreted to mean that "fee awards

[are] mandatory for prevailing plaintiffs." *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985). The "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 Fed. Appx. 349, 351, 2009 WL 73164, 2 (11th Cir. 2009); *see also Zegers v. Countrywide Mortg. Ventures, LLC*, 569 F.Supp. 2d 1259 (M.D. Fla. 2008) (applying lodestar analysis in FLSA case).

Here, the settlement agreement reveals that the attorney's fees and costs were negotiated separately from Plaintiff's recovery. *See Bonetti v. Embarq Mgmt.Co.*, Case No.: 6:07-cv-1335, 2009 WL 2371407 (M.D. Fla. Aug. 4, 2009). Both parties stipulate that the fees to Plaintiff's counsel in the amount of $5,091.00 are reasonable. Under the circumstances, the undersigned finds that the amount of $5,091.00 for attorneys' fees and costs appears to be reasonable.[2]

As such, it is **respectfully recommended** that the parties' Motion (Doc. 18) be granted, the settlement be accepted by the District Court as a "fair and reasonable resolution of a bona fide dispute" over FLSA issues, and the matter be dismissed, with prejudice.

Recommended in Ocala, Florida on January 14, 2014.

---

[2] **Error! Main Document Only.**In reaching this conclusion, the Court recognizes that it must consider the reasonableness of any award of attorneys' fees, but it is not required to conduct "an in depth analysis . . . unless the unreasonableness is apparent from the face of the documents." *King v. My Online Neighborhood, Inc.*, No. 6:06-cv-435-Orl-22JGG, 2007 WL 737575, at *4 (M.D. Fla. Mar. 7, 2007)(quoting *Perez v. Nationwide Protective Servs.*, Case No. 6:05-cv-328-ORL-22JGG (M.D. Fla. Oct. 31, 2005)). As the total fee award sought in this case is not patently unreasonable based on the history of this case and Defendants do not contest the reasonableness of the award, the Court has not conducted an in-depth analysis of the attorneys' fees sought. Accordingly, the award of attorneys' fees in this action does not reflect a determination that the hourly rate or time charged by Plaintiff's counsel constitutes a reasonable hourly rate in this or any applicable market.

- 4 -

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy